# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TERRY HENDERSON,<br><br>            Plaintiff,<br><br>vs.<br><br>COAST HOTELS AND CASINOS,<br><br>            Defendant. | Case No. 2:13-cv-02157-APG-CWH<br><br>**ORDER** |

This matter came before the Court on February 7, 2014, for a hearing on the Court's Order to Show Cause (#16), issued on January 30, 2014. A copy of the order setting the show cause hearing was sent to attorney Daniel Marks via CM/ECF. The purpose of the hearing was to provide Daniel Marks with the opportunity to show cause why the Court should not impose sanctions for his failure to follow the Court's Local Rule ("LR") 26-4. In its Order, the Court instructed Daniel Marks to personally appear on February 7, 2014. He failed to appear for the hearing on February 7, 2014. The day before the hearing, February 6, 2014, Daniel Marks filed two certifications with the Court that he has reviewed the correction and will follow LR 26-4. *See* Notice #18 and Supplemental Notice #19. Subsequent to the hearing, at 2:22 p.m., Daniel Marks filed a statement, without seeking leave of the court, explaining that he missed the hearing due to a calendaring error. *See* Statement #21. However, the Statement is captioned as "Statement Regarding Order to Show Cause Hearing Held November7, 2014," which the Court assumes is a typographical error.

On January 30, 2014, the Court issued an Order granting with modification the parties' Proposed Discovery Plan and Scheduling Order (#14). In doing so, the Court noted that the parties proposed order failed to comply with LR 26-4. The parties' proposed order stated, "In accordance with LR 26-4, any stipulation or motion for modification or extension of any deadline contained in this Stipulated Discovery Plan and Scheduling Order must be made no later than twenty-one (21)

days before the discovery deadline." This is inconsistent with LR 26-4 states, "All motions or stipulations to extend a deadline set forth in a discovery plan shall be received by the Court no later than twenty-one (21) days before the expiration of the subject deadline."

This is the third time that Plaintiff's Counsel Daniel Marks has failed to cite the correct extension or modification standard as stated in LR 26-4. The Court previously notified Daniel Marks of this issue on January 6, 2014 in Case No. 2:13-cv-2009-APG-CWH. *See* Order #12. The Court again notified Daniel Marks of this exact issue on January 14, 2014 in Case No. 2:13-cv-2083-JAD-CWH. *See* Order #16. In addition, Daniel Marks submitted a certification on January 7, 2014 confirming that he reviewed the corrected extension standard and LR 26-4. *See* Notice #13 and Notice #14 in 2:13-cv-2009-APG-CWH. Further, Daniels Marks again certified on January 15, 2014 that he reviewed the corrected extension standard and LR 26-4. *See* Notice #19 in 2:13-cv-2083-JAD-CWH. Additionally, Defense Counsel Jen Sarafina notified Plaintiff's Counsel that the proposed order contained language inconsistent with LR 26-4. *See* Notice Regarding Compliance with Court's January 30, 2014 Order #17. Despite three warnings, Daniel Marks submitted three proposed orders to the Court that did not meet the standard in LR 26-4.

LR IA 4-1 states, "The Court may, after notice and opportunity to be heard, impose any and all appropriate sanctions on an attorney . . . who, without just cause . . . [f]ails to comply with these [Local] Rules." The Court notified Daniels Marks three times as to his failure to comply with LR 26-4. In addition, the Court provided Daniel Marks with an opportunity to respond at an order to show cause hearing, which he failed to attend. In addition, his written statement that was submitted subsequent to the hearing and without leave of the court is captioned as relating to a November 7, 2014 hearing rather than the February 7, 2014 hearing at issue. Further, it indicates that three separate attorneys in Daniels Marks' office failed to cite the correct extension standard pursuant to LR 26-4 despite Daniel Marks being counsel of record in all three cases. Also, Daniels Marks has submitted a total of four certifications that he understands LR 26-4. Under these circumstances, the Court finds a monetary sanction under LR IA 4-1 is supported by just cause based on Daniel Marks knowing and continuing violation of the LR 26-4. Additionally, Daniels Marks has represented that his entire office has been informed of LR 26-4 and no future compliance issues will occur.

Accordingly, the Court finds that an appropriate sanction under LR IA 4-1 is a monetary sanction in the amount of $100.00 to be paid personally by Daniel Marks to the Clerk of the Court.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Counsel Daniel Marks shall submit a $100.00 to the Clerk of the Court no later than **February 14, 2014**.

**IT IS FURTHER ORDERED** that Plaintiff's Counsel Daniel Marks shall submit proof of payment to the undersigned's Chambers by **February 18, 2014**.

**IT IS FURTHER ORDERED** that future violation of the Local Rules or Court Orders may result in additional sanctions.

DATED this 7th day of February, 2014

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**